# EXHIBIT A

## FLSA SETTLEMENT AND RELEASE AGREEMENT

1. **Parties and Released Parties:**

This document sets forth the terms and conditions of the FLSA Settlement and Release Agreement ("Agreement") by and between Laletha Moore ("Releasor") and Decatur Housing Authority (the "Employer"). The term "Releasees" as used herein shall be defined as the Employer and all of its departments, divisions, agencies, authorities, and affiliates and their past, present, and future officers (including Constitutional officers), directors, employees, agents, elected and appointed persons, insurers, and attorneys, in their individual and official capacities, together with their predecessors, successors, and assigns, both jointly and severally. In consideration of the mutual covenants and agreements set forth below, the parties agree as follows:

2. **Payment and Consideration:**

A. Following the Effective Date of this Agreement, as provided for herein, the Employer will pay to Releasor and Releasor's attorney a total payment of nine thousand and 00/100 dollars ($9,000.00), which will be paid and apportioned as follows:

  i. One check made payable to "Laletha Moore" in the gross amount of Two Thousand Four Hundred and Sixty-Two Dollars and 50/100 dollars ($2,462.50), less all applicable taxes and withholdings required by law based on the current W-4 and G-4 documents on file with the Employer as of the end of the Releasor's employment, in compensation for Releasor's claims for alleged unpaid wages and overtime, and which will be reported to Releasor on a Form W-2;

  ii. One check made payable to "Laletha Moore" in the gross amount of Two Thousand Four Hundred and Sixty-Two Dollars and 50/100 dollars ($2,462.50, with no deductions or withholdings made, which is in compensation for Releasor's claims for liquidated damages, and which will be reported to Releasor on a Form 1099; and

  iii. One check made payable to "Barrett & Farahany, LLP" in the amount of Four Thousand and Seventy Five Dollars and 00/100 dollars ($4,075.00), with no deductions or withholdings made, in compensation for the Releasor's attorney's fees, costs, and expenses, and which will be reported to Releasor's counsel on a Form 1099.

B. The checks set forth above will be mailed to Releasor's counsel, V. Severin Roberts, at the address of Barrett & Farahany, LLP, 1100 Peachtree Street, Suite 500, Atlanta, Georgia 30309 within 10 business days of the Court's approval of the parties' Motion for Settlement Approval.

C. Releasor acknowledges and agrees that the payments set forth above representing unpaid wages, overtime, and liquidated damages represent a fair and reasonable settlement of her FLSA claim.

3. **Motion to Approve Settlement and Effective Date**

A. For and in consideration of the payments and benefits specified in paragraph 2, and other good and valuable consideration, Releasor agrees to dismiss with prejudice her Complaint that

currently is pending in the United States District Court for the Northern District of Georgia, Atlanta Division, *Laletha Moore v. Decatur Housing Authority*, Civil Action File No. 1:17-CV-04672-LMM ("the Civil Action").

B.  Following their execution of this Agreement, Releasor and the Employer agree to jointly file in the Civil Action the Joint Motion to Approve Settlement Agreement and Dismiss Claims that is attached to this Agreement as Exhibit 1 ("the Joint Motion"), attaching thereto an executed copy of this Agreement. The parties will cooperate and take all necessary steps to effectuate final judicial approval of the Joint Motion.

C.  This Agreement shall become effective and binding upon Releasor upon her execution of the Agreement and shall be irrevocable at such time as the Court approves the Agreement. The Agreement shall not become effective, however, with respect to the Employer, and the Employer shall have no obligation to make the payments set forth in paragraph 2, unless and until such date ("the Effective Date") as the Court approves in its entirety the Joint Motion and enters an order approving this Agreement and dismissing the Civil Action with prejudice. If the Court does not grant the Joint Motion or approve this Agreement or dismiss the Civil Action with prejudice for any reason, then this Agreement will become voidable by the Employee or Employer.

4.  **Release of Claims:**

For and in consideration of the payments specified in paragraph 2, and other good and valuable consideration, Releasor does knowingly and voluntarily release and forever discharge the Releasees from any and all FLSA actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims, and demands whatsoever, in law or in equity, whether known or unknown, which the Releasor ever had, now has, or may or might in the future have against the Releasees based on any acts, omissions, transactions, or occurrences whatsoever from the date of the beginning of the world to the Effective Date of this Agreement, that arise by reason of or in any way connected with, or which are or may be based in whole or in part on, or do or may arise out of, or are or may be related to or with: (a) the claims set forth in the Civil Action; (b) any claim for unpaid wages, minimum wages, overtime, or any other form of wages or compensation or reimbursement under the Fair Labor Standards Act ("FLSA"); and (c) any claims attorneys' fees, costs, or expenses pursuant to the FLSA.

5.  **Covenant Not To Sue:**

Releasor agrees, covenants, and warrants to the Employer that neither Releasor, nor any person, organization, or other entity acting on Releasor's behalf has or will: (a) sue or cause or permit suit against the Releasees upon any claim released by this Agreement; (b) participate in any way in any such suit or proceeding; or (c) execute, seek to impose, collect or recover upon, or otherwise enforce or accept any judgment, decision, award, warranty, or attachment upon any claim released by this Agreement. In the event of any claim by an agency or federal or state government or a claim by any person against the Releasees for conduct by the Releasees against Releasor for any conduct arising prior to the Effective Date of this Agreement, Releasor waives her right to personally recover any monetary amount in any such proceedings, and Releasor further agrees and covenants to return to the Employer upon receipt any sums paid to or otherwise received by Releasor pursuant to any such claim.

6.   **Non-Admission:**

Releasor acknowledges that the consideration provided for this Agreement, including the payments and benefits set forth in paragraph 2, does not constitute any admission of liability or wrongdoing on the part of the Employer or any of the Releasees, by whom any and all liability or wrongdoing of any kind is expressly denied. The Employer and Releasees specifically deny any liability to Releasor for any unpaid overtime, liquidated damages, or other alleged compensation due under the FLSA or any other applicable wage payment law, but have entered into this Agreement solely for convenience and the avoidance of litigation. This Agreement shall not be deemed an admission of liability, wrongdoing, or a violation of any law, rule, regulation or order, of any kind, such being expressly denied.

7.   **Successors and Assigns:**

This Agreement shall be binding upon Releasor and Releasor's heirs, executors, administrators, assigns, successors, beneficiaries, employees, and agents, and shall inure to the benefit of the Releasees and their predecessors, successors, and assigns. Releasor represents and warrants that she has not assigned, sold, or otherwise conveyed any claim released herein.

8.   **Entire Agreement, Modification, and Severability:**

A.   This Agreement constitutes the entire agreement between Releasor and the Employer pertaining to those subjects contained herein and supersedes all prior and contemporaneous agreements, representations, and understandings.

B.   This Agreement may not be altered, amended, modified, or otherwise changed in any respect or manner whatsoever except by a writing duly executed by the Releasor and authorized representative of the Employer.

C.   In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

9.   **Miscellaneous:**

A.   This Agreement is executed by Releasor knowingly and voluntarily and is not based upon any representations or statements of any kind by any person as to the merits, legal liabilities, or value of Releasor's claims. Releasor acknowledges that no promise or inducement has been offered or made except as set forth in this Agreement. Releasor further acknowledges that consideration for this Agreement consists of financial payments and benefits to which Releasor otherwise has no legal entitlement.

B.   Releasor acknowledges and agrees that she has had reasonable and sufficient time in which to consider whether or not she wishes to enter into this Agreement, and that her decision to do so is made knowingly, voluntarily, and without coercion. Releasor acknowledges that she has the right and opportunity to consult fully with legal counsel or any other advisor of her choice prior to signing this Agreement, and that Releasor is advised to consult with legal counsel prior to signing this Agreement. In that regard, Releasor acknowledges that, before signing this Agreement, Releasor has

read and understands each paragraph herein.

      C.    Releasor acknowledges that neither the Releasees nor their attorneys make or have made any representation as to the tax consequences, if any, of the provisions of this Agreement. Releasor agrees to pay, and acknowledges that she remains fully and solely liable to pay, all federal, state, and local taxes, if any, which are required by law to be paid with respect to this settlement.

      E.    This Agreement may be executed in multiple counterparts and all counterparts shall constitute one agreement binding on each of the parties hereto, regardless of whether each party hereto is a signatory to the same counterpart. Fax and/or scanned signatures in lieu of original signatures are acceptable.

      **IN AGREEMENT HERETO**, Releasor and the below representative of the Employer do hereby set their hand and seal.

_____  
Laletha Moore (SEAL)

_____  
Douglas S. Faust (SEAL)  
Executive Director, Decatur Housing Authority

1/23/18  
Date

01/29/18  
Date